**UNITED STATES of America, Plaintiff-Appellant,**

v.

**JACKETS, 23,900 MORE OR LESS, MEN & BOYS, FLAMMABLE, et al., Defendants-Appellees.**

**No. 75-1723.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1975.

Decided April 29, 1976.

George L. Long, U. S. Atty., Louisville, Ky., Samuel R. Simon, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Andrew J. Russell, Smith & Smith, Louisville, Ky., Carl L. Shipley, Washington, D. C., for defendants-appellees.

Before EDWARDS, PECK and LIVELY, Circuit Judges.

PER CURIAM.

The United States, through its Consumer Products Safety Commission, appeals from a judgment in favor of claimant Webster Sportswear Division of Chromalloy American Corporation. This judgment was entered by a District Judge in the United States District Court for the Western District of Kentucky after a hearing on an in rem proceeding for confiscation of approximately 35,000 jackets belonging to Webster Sportswear. The action was filed under the Flammable Fabrics Act, 15 U.S.C. §§ 1191–1204 (1970), prohibiting sale of fabrics which fail to meet minimal flammability standards. *See* 15 U.S.C. § 1192 (1970).

The statute at issue in this case was originally adopted in 1953 and read:

STANDARD OF FLAMMABILITY

Sec. 4. (a) Any fabric or article of wearing apparel shall be deemed so highly flammable within the meaning of section 3 of this Act as to be dangerous *when worn by individuals if such fabric or any uncovered or exposed part of such article of wearing apparel* exhibits rapid and intense burning when tested under the conditions and in the manner prescribed in the Commercial Standard promulgated by the Secretary of Commerce effective January 30, 1953, and identified as "Flammability of Clothing Textiles, Commercial Standard 191–53", or exhibits a rate of burning in excess of that

specified in paragraph 3.11 of the Commercial Standard promulgated by the Secretary of Commerce effective May 22, 1953, and identified as "General Purpose Vinyl Plastic Film, Commercial Standard 192–53". For the purposes of this Act, such Commercial Standard 191–53 shall apply with respect to the hats, gloves, and footwear covered by section 2(d) of this Act, notwithstanding any exception contained in such Commercial Standard with respect to hats, gloves, and footwear. Flammable Fabrics Act, ch. 164, § 4(a), 67 Stat. 112 (1953). (Emphasis added.)

In 1967, however, this reference to "any uncovered or exposed part" in the Act was deleted when Section 4(a) was amended to read as follows:

REGULATION OF FLAMMABLE FABRICS

Sec. 4(a) Whenever the Secretary of Commerce finds on the basis of the investigations or research conducted pursuant to section 14 of this Act that a new or amended flammability standard or other regulation, including labeling, for a fabric, related material, or product may be needed to protect the public against unreasonable risk of the occurrence of fire leading to death or personal injury, or significant property damage, he shall institute proceedings for the determination of an appropriate flammability standard (including conditions and manner of testing) or other regulation or amendment thereto for such fabric, related material, or product. 15 U.S.C. § 1193(a) (1970).

This change served to underline the discretion given the Commission to enforce the statute according to its safety purposes. The Commission had already adopted the following regulations which are applicable to the facts of this case:

§ 302.4 Only uncovered or exposed parts of wearing apparel to be tested.

In determining whether an article of wearing apparel is so highly flammable as to be dangerous when worn by individuals, *only the uncovered or exposed part of such article of wearing apparel shall be tested* according to the applicable procedures set forth in section 4(a) of the act. 16 C.F.R. § 302.4 (Emphasis added.)

§ 302.1 Terms defined.

. . . . .

(5) The terms "uncovered or exposed part" of an article of wearing apparel as used in section 4(a) of the act, mean that part of such article of apparel which *might during normal wear be open to flame or other means of ignition.*

Note: The outer surface of an undergarment is considered to be an uncovered or exposed part of an article of wearing apparel, and thus subject to the act. 16 C.F.R. § 302.1(a)(5). (Emphasis added.)

The disputed material in these jackets is a loosely woven flannel lining with a raised nap. None of the lining is visible when the jacket is worn closed, but the Commission contends the lining "might during normal wear be open to flame or other means of ignition." The jackets were in evidence. They are light sport jackets of a type which could be used in variable weather and which might be worn open on many occasions. We note, however, as appellee insists, that they tend to hang with the lining inside and the nylon covering outside, thus creating a real question as to how much likelihood of exposure to fire there may be. Appellant, however, citing its expert witness, asserts that if the jacket were worn in the wind around a campfire or brushed back by an arm, the lining could be exposed to sparks, and that the same thing could be true around a work bench with a blow torch. Another example used by one of the Commission's expert witnesses is that of a wearer ducking his head inside the jacket to light a cigarette.

The statute allows the Commission to commence a proceeding in rem for seizure of materials it has reason to believe to be in violation of the Act. 15 U.S.C. § 1195(b). In this proceeding both exposure and flammability were the subject of testimony before the District Court. The District Judge made no specific finding on flammability, although his opinion might be read as

assuming that flammability of the lining had been established. He did, however, find that the jackets were not subject to testing because "the Standard does not cover every fabric that goes into an item of clothing, but only those fabrics that, during normal wear, are open to flame or other means of ignition," and on this basis entered judgment for appellees.

Unfortunately, the standard he employed is somewhat at variance with the Commission's regulation which, as pointed out above, requires testing of any fabrics "which *might* during normal wear be open to flame. . . ." 16 C.F.R. § 302.- 1(a)(5). (Emphasis added.) Although the District Judge referred to this standard, he did not enter a finding as to whether or not these jackets were in compliance with it.

We do not think we can appropriately determine this case on appeal in this posture. Therefore the case is remanded to the District Court for findings on both flammability and the "might be" standard of 16 C.F.R. § 302.1(a)(5).